**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| **ABC IP, LLC, a Delaware limited liability company,**<br><br>**RARE BREED TRIGGERS, INC., a Texas corporation,**<br><br>**and**<br><br>**RBTM LLC, a Wyoming limited liability company,**<br><br>**Plaintiffs.**<br><br>**v.-**<br><br>**MARS TRIGGER, LLC, a Texas limited liability company,**<br><br>**and**<br><br>**PETER BRENNEN, an individual,**<br><br>**Defendants.** | CASE NO. 2:26-cv-00030-ALM<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFFS' MOTION FOR LEAVE TO FILE**
**SECOND AMENDED COMPLAINT**

This is a patent infringement case. On March 23, 2026, Plaintiffs ABC IP LLC ("ABC") and Rare Breed Triggers, Inc. ("Rare Breed") (collectively, "Plaintiffs") filed their First Amended Complaint to add claims for infringement of additional patents, U.S. Patent Nos. 12,529,538 ("'538 Patent") and 12,578,159 ("'159 Patent).

Plaintiffs respectfully move for further leave to file the Second Amended Complaint to also assert infringement of U.S. Patent No. 12,636,403 ("'403 Patent" or "Additional Patent"). The '403 Patent was granted on May 26, 2026. Like the patents already asserted in the First Amended

Complaint, the ’403 Patent covers the same Accused Products and underlying technology already at issue in this case.

Plaintiffs additionally seek to add RBTM LLC as a Plaintiff, and to add trademark, false designation of origin, and unfair competition claims for Defendants’ use of its registered trademarks relating to the name “FRT” in connection with the goods in question.

While Plaintiffs could file another lawsuit asserting the Additional Patent and trademark and false designation claims, courts routinely grant leave to amend in cases under these circumstances, particularly where discovery is ongoing, trial is not imminent, the orderly progression of the case will not be disrupted, and amendment promotes resolution of all related claims in a single action.

Pursuant to Local Rule CV-7, Plaintiffs submit herewith a proposed Order (Exhibit A) and the proposed Second Amended Complaint as a subsequent docket entry.

**BACKGROUND**

Plaintiffs filed this patent infringement action on January 12, 2026, asserting U.S. Patent Nos. 12,038,247 (the “’247 Patent”) and 12,031,784 (the “’784 Patent”), against Defendants’ Super Safety product. Dkt. 1 ¶¶ 23–57.

Two new patents issued after the filing of the Complaint: the ’538 Patent on January 20, 2026, and the ’159 Patent on March 17, 2026. Plaintiffs amended the Complaint as of right to include the ’538 Patent and ’159 Patent. *See* Dkt. 18. Defendants moved to dismiss the First Amended Complaint on April 6. Dkt. 19. No schedule has been entered.

On May 26, 2026, the ’403 Patent issued. Plaintiff ABC IP, LLC is the current owner by assignment of all right, title and interest in and to the ’403 Patent. Plaintiff Rare Breed is the

exclusive licensee of the ’403 Patent. Like the ’247, ’784, and ’159 Patents, the ’403 Patent covers the same Accused Product and underlying technology already at issue in this case.

Finally, the proposed Second Amended Complaint also alleges that RBTM LLC owns the FRT family of trademarks—including the federally registered marks FRT, FRT-15, FRT-22, FRT-47, and FRT-15L3, pending applications for FRT-MR3 and FRT-RD3, and common law rights dating to at least 2020—all used in connection with firearm triggers, and that Plaintiff Rare Breed Triggers, Inc. is the exclusive licensee of those marks. Registration of the FRT, FRT-15, FRT-22, FRT-47, and FRT-15L3 occurred between March 21 and April 28 of 2026. Plaintiffs allege that Defendants have, without authorization, used the FRT Marks as a source identifier in U.S. commerce to distribute, advertise, and sell firearm trigger products that do not originate with Plaintiffs, including by promoting the Super Safety products as “FRT” on Defendants’ website. Plaintiffs further allege that Defendants’ unauthorized use is likely to cause consumer confusion as to the origin, sponsorship, endorsement, or affiliation of Defendants’ products with Plaintiffs, and that Defendants’ conduct is knowing, willful, and undertaken in bad faith to trade on the substantial goodwill Plaintiffs have built in the FRT Marks. Based on these allegations, the proposed pleading asserts three trademark-related causes of action: federal trademark infringement under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1); false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); and common law trademark infringement and unfair competition.

## LEGAL STANDARD

After the window for a party to amend as of right passes, “a party may amend its pleading only with the opposing party’s written consent or the court’s leave. When leave is required, courts “should freely give [it] when justice so requires.” Fed. R. Civ. P. 15(a)(2). Leave should only be

denied for reasons such as undue delay, futility, bad faith, or undue prejudice. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Before the entry of a scheduling order, the Rule 16(b) good cause standard does not control, and the liberal amendment standard of Rule 15 applies. *See S&W Enters., L.L.C. v. SouthTrust Bank of Alabama, NA*, 315 F.3d 533, 535 (5th Cir. 2003).

"Persons may join in one action as plaintiffs if: (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all plaintiffs will arise in the action." Fed. R. Civ. P. 20(a)(1).

## ARGUMENT

### A. RBTM Is a Proper Party

First, the trademark claims asserted by RBTM arise out of the same transactions and occurrences giving rise to the patent claims already at issue in this case. The Amended Complaint pleads a single, integrated course of infringing conduct. The accused Super Safety products ***both*** embody the inventions of the Asserted Patents and are marketed using the FRT Marks without authorization. The "MaRS 3 Position AR FRT Super Safety" illustrates the overlap directly: it is identified (1) as an Infringing Device for at least five of the Asserted Patents and, (2) by its name and marketing, as a vehicle for Defendants' unauthorized use of the FRT Marks. Defendants are further alleged to advertise the accused products as "FRT" on the same website through which they sell the patented technology.

Second, Rule 20(a)(1)(B) requires only that "any" common question arise. Many will: whether Defendants made, sold, offered, and imported the accused products; the marketing channels used; the volume and revenue of Defendants' sales, which informs both patent damages and disgorgement of profits on the trademark counts; the respective roles of MaRs and Peter

Brennen, who is alleged to operate and direct MaRs's complained-of activities; and the proper scope of injunctive relief, which the Amended Complaint frames in unified terms reaching Defendants' principals, agents, affiliates, and those acting in concert with them.

**B. Leave to Amend Is Warranted Under Rule 15(a)(2)**

Even without consent, leave to amend should be "freely give[n] . . . when justice so requires." Fed. R. Civ. P. 15(a)(2).

***No undue delay.*** First, there was no delay in asserting the '403 Patent. The '403 Patent did not issue until May 26, 2026. Plaintiffs sought consent to amend on May 22, four days before issuance. Plaintiffs file this motion one day after the '403 Patent issued.

***No futility***. The Seconded Amended Complaint plausibly alleges infringement of each patent under 35 U.S.C. § 271, supported by specific factual allegations and claim charts for each accused product. The trademark claims fare no differently: the pleading alleges RBTM's ownership of valid federal registrations and common law rights in the FRT Marks, Rare Breed Triggers' exclusive licensee status, and Defendants' unauthorized use of "FRT" as a source identifier in U.S. commerce for competing firearm trigger products, and a likelihood of consumer confusion as to origin, sponsorship, or affiliation. Whether Defendants dispute infringement is not a basis to deny leave here.

***No bad faith***. Plaintiffs seek to assert related claims based on a recently issued patent and to include all their claims against all infringing products—not to delay or gain tactical advantage.

***No undue prejudice***. The Additional Patent covers the same underlying technology already at issue. Discovery has not yet begun, and the Court has not yet entered a scheduling order. The Additional Patent is asserted against the same accused product. While Defendants have moved to dismiss the First Amended Complaint and that motion would be mooted by amendment,

Defendants can renew their motion, if they so choose after the Second Amended Complaint is filed. Any incremental discovery burden is minimal and manageable.

## CONCLUSION

For all the above reasons, Plaintiffs respectfully request that the Court: (1) add RBTM LLC as a Plaintiff, (2) grant this Motion for Leave to File the proposed Second Amended Complaint attached as Exhibit A, and (3) grant any other relief deemed just and proper.

DATED: May 27, 2026

Respectfully submitted,

*/s/ Matthew A. Colvin*

Matthew A. Colvin
Texas Bar No. 24087331
Carl E. Bruce
Texas Bar No. 24036278
**FISH & RICHARDSON P.C.**
1717 Main Street, Suite 5000
Dallas, TX 75201
E-mail: colvin@fr.com
bruce@fr.com
Tel: (214) 747-5070
Fax: (214) 747-2091

Benjamin J. Christoff (DC Bar No. 1025635)
**FISH & RICHARDSON P.C.**
1000 Maine Avenue SW, Suite 1000
Washington, DC 20024
E-mail: christoff@fr.com
Tel: (202) 783-5070
Fax: (202) 783-2331

Glenn D. Bellamy (pro hac vice forthcoming)
**WOOD HERRON & EVANS LLP**
600 Vine Street, Suite 2800
Cincinnati OH 45202
E-mail: gbellamy@whe-law.com
Tel: (513) 707-0243
Fax: (513) 241-6234

Melissa R. Smith
Texas State Bar No. 24001351
**GILLAM & SMITH, LLP**
303 South Washington Avenue
Marshall, Texas 75670
Tel: (903) 934-8450
Fax: (903) 934-9257
E-mail: melissa@gillamsmithlaw.com

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on May 27, 2026, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system.

*/s/ Matthew A. Colvin*
Matthew A. Colvin

**CERTIFICATE OF CONFERENCE**

Pursuant to Local Rules CV-7(h) and (i), counsel for Plaintiffs attempted to meet with counsel for Defendants to discuss the parties' positions on this motion. Counsel for Plaintiffs, Benjamin J. Christoff, emailed counsel for Defendants, John T. Polasek, on May 22, to schedule a telephonic meeting regarding Defendants' position on the motion. Counsel for Defendants stated that they would provide their position, but did not provide their position. Plaintiffs consider the motion opposed.

*/s/Matthew A. Colvin*
Matthew A. Colvin