**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| IN RE: RARE BREED TRIGGERS PATENT LITIGATION | CASE NO. 4:26-md-03176-ALM<br><br>CHIEF JUDGE AMOS L. MAZZANT |
| ABC IP, LLC, A Delaware limited liability company,<br><br>and<br><br>RARE BREED TRIGGERS, INC., a Texas corporation,<br><br>Plaintiff,<br><br>v.<br><br>MARS TRIGGER, LLC, a Texas limited liability company,<br><br>and<br><br>PETER BRENNEN, an individual,<br><br>Defendants. | CASE NO. 2:26-cv-00030-ALM |

**DEFENDANTS MARS TRIGGER, LLC AND PETER BRENNEN'S OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

# TABLE OF CONTENTS


I. BACKGROUND ..... 3

II. LEGAL STANDARD ..... 4

III. ARGUMENT ..... 6

A. Plaintiffs' Amendment Would Cause Undue Prejudice Because It Is the Predicate for Emergency PI Proceedings And Is Not a Routine Pleading Update. ..... 6

B. Plaintiffs' Filing Conduct Shows Tactical Motive and Confirms that Leave Should Be Denied or Deferred. ..... 8

C. At a Minimum, the Court Should Defer Ruling or Condition any Leave ..... 9

D. Plaintiffs Have Not Established That RBTM Is A Proper Party. ..... 9

E. MaRs Will Be Unduly Prejudiced By The Amendment. ..... 10

F. The Proposed Amendment Undermines the MDL's Foundation and Fragments the Proceedings. ..... 10

G. Plaintiff's Amendment to Include RBTM LLC fails to Comply with Rule 20 ..... 11

H. Denial of Plaintiffs' Motion Will Not Prejudice Plaintiffs. ..... 11

IV. CONCLUSION ..... 11

# TABLE OF AUTHORITIES

## Cases

*De Beers Consol. Mines, Ltd. v. United States*,
325 U.S. 212 (1945) ........ 8

*Dussouy v. Gulf Coast Inv. Corp.*,
660 F.2d 594 (5th Cir. 1981) ........ 5

*Flores v. Sanders*, No. 6:26-cv-00145-JDL,
2022 U.S. Dist. LEXIS 235493 (E.D. Tex. May 12, 2022) ........ 8

*Foman v. Davis*,
371 U.S. 178 (1962) ........ 5

*Halbert v. City of Sherman*,
33 F.3d 526 (5th Cir. 1994) ........ 5

*Jones v. Robinson Prop. Grp., L.P.*,
427 F.3d 987 (5th Cir. 2005) ........ 5

*Mayeaux v. La. Health Serv. & Indem. Co.,*
376 F.3d 420 (5th Cir. 2004) ........ 5, 10

*S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*,
315 F.3d 533 (5th Cir. 2003) ........ 5

Plaintiffs' Motion for Leave to File Second Amended Complaint [Dkt. 27] asks the Court to permit yet another amendment to add U.S. Patent No. 12,636,403 (the "'403 Patent"), add a new plaintiff, and add trademark related claims to this suit. Plaintiffs present the request as a routine amendment, but it is anything but routine considering the context of Plaintiff's sprawling litigation tactics. Plaintiffs' Motion for Leave should be denied.

Rule 15(a)(2) does not require the Court to evaluate a proposed amendment in a vacuum. The Court may consider the actual procedural context, including prejudice, tactical motive, and whether the amendment would advance or disrupt the orderly management of the case.

That context matters here. This case is one of many cases part of MDL 3176. One day after Plaintiffs' Motion for Leave, before the Court granted leave and before the '403 Patent was part of any operative complaint in this case, Plaintiffs filed a consolidated preliminary-injunction motion asserting the patents already pleaded in this case and the newly issued '403 Patent against thirteen separate defendant groups. Plaintiffs also sought expedited discovery, oversized briefing, and sealing. The amendment is therefore not merely a housekeeping request. It is the pleading predicate for an emergency injunction campaign against downstream resellers on a patent that had issued only days earlier.

MaRs Trigger, LLC and Peter Brennen (collectively "MaRs") are not the manufacturer of the product accused of patent infringement. MaRs is accused of reselling the Super Safety, a product designed and manufactured by third parties. Granting leave now would further expand this reseller action in a manner that is likely to duplicate or be displaced by Plaintiff's litigation efforts against manufacturers and would give Plaintiffs the procedural shortcut they seek for their pending PI strategy.

Nor can Plaintiff's effort to assert trademark claims into this case be considered routine. Plaintiff seeks to inject brand-new Lanham Act trademark infringement claims into a patent infringement MDL. Plaintiff asks to add a brand-new party, RBTM LLC— the alleged owner of the trademark — apparently because the current named plaintiffs lack standing to assert the very trademark claims they now propose to assert. But information from the USPTO does not show that RBTM LLC is the owner of the asserted trademark registrations, and Plaintiff's Motion for Leave does not establish that RBTM LLC is the owner of the asserted trademark registrations.[1]

The proposed amendment to include an additional plaintiff and trademark claims should be denied. It is futile as currently pleaded, improperly joins a new plaintiff whose claims have no transactional nexus to the patent infringement common questions that anchor this MDL, would impose undue discovery burdens on MaRs Trigger, and would fracture the MDL's coherence by injecting a trademark mini-litigation untethered to the consolidated proceeding's common factual core. Although the Court has not yet entered a scheduling order, the Fifth Circuit's *Foman*-derived factors — futility, undue prejudice, and improper joinder — independently require denial.

Defendants do not contend that Plaintiffs are forever barred from asserting the '403 Patent. Plaintiffs assert they could file a separate action asserting that patent and that a separate action could be filed to assert the trademark claims. They chose not to do so because a new action would proceed through ordinary pleading, service, assignment, scheduling, and any applicable stay or coordination issues. Instead, Plaintiffs seek to insert the '403 Patent and the trademark claims into

---

[1] Plaintiff alleges that RBTM LLC is a Wyoming company. Information obtained from the State of Wyoming Secretary of State reveals that RBTM LLC was formed on May 22, 2026 – five days before Plaintiffs filed their Motion for Leave.

Additionally, Plaintiffs' Motion for Leave includes RBTM LLC in the caption of its motion as if RBTM LLC is already a party to this case when it is not.

this pending reseller action and then immediately use that amendment as it relates to the '403 patent as a platform for emergency relief. Rule 15 does not require that result.

Defendants respectfully request that the Court deny the Motion without prejudice. At minimum, any leave should be conditioned on no '403-specific PI briefing, expedited discovery, infringement-contention deadline, or other case obligation until the Court enters an orderly schedule.

## I. BACKGROUND

Plaintiffs instigated its litigation campaign in 2025 against numerous defendants, alleging infringement of common patents directed to forced rest triggers ("FRT") based on a common set of accused products. Plaintiffs filed this case against MaRs for patent infringement actions on January 12, 2026, asserting the '247 and '784 Patents against MaRs for the resale of the Super Safety trigger. [Dkt. 1]. Plaintiffs did not include claims for trademark infringement in their complaint, even though they [now] assert common law trademark rights that extend back to 2020. [Dkt 28, para 17-18, and 124].

On March 23, Plaintiffs ABC and Rare Breed filed their First Amended Complaint for Patent Infringement to add the '538 and '159 Patents. [Dkt. 18]. The amended complaint did not include claims for trademark infringement. On April 6, MaRs moved to dismiss Plaintiffs' claims of pre-suit indirect infringement and pre-suit willfulness claims. [Dkt. 19]. Plaintiffs opposed MaRs motion to dismiss, and that motion remains pending before this Court.

On April 2, 2026, the Judicial Panel on Multidistrict Litigation issued a conditional transfer order and transferred and consolidated various actions before this Court under 28 U.S.C. § 1407, expressly based on common questions of fact regarding patent infringement of the '247 Patent by the accused products, including the Super Safety. See JPML No. 3176 Transfer Order, April 2, 2026, Dkt. 44.

On May 15, 2026, Plaintiffs' counsel emailed defense counsel in thirteen separate actions announcing plans to seek a PI "against all MDL defendants" and noting "a new patent soon to issue that covers all defendants." Exhibit A. On May 22, Plaintiffs' counsel followed up, confirming plans to "seek leave to amend all the complaints to add the new patent, asserting it against all accused products in the cases." Exhibit B. That same email previewed an aggressive package: a motion for preliminary injunction, motions for oversized briefing, expedited discovery, and sealing. Plaintiffs indicated that all of these filings would occur simultaneously, beginning May 26. At no point did Plaintiffs' counsel indicate that Plaintiffs would wait for the Court to rule on the motions for leave to amend to add the newly-issued '403 Patent before moving for a preliminary injunction against the defendants.

On May 29, 2026, Plaintiffs filed the Consolidated Motion for Preliminary Injunction on the Court's MDL docket—rather than in the individual member cases—asserting five patents (including the '403 Patent) against thirteen defendant groups, including MaRs, seeking to enjoin the sale of the Super Safety.

MaRs has responded to Plaintiffs' package through, among other things, two motions that bear directly on this Opposition: (1) a Motion/Joinder in Motion to Stay and Enlarge Deadlines, Require a Structured Conferral Process, and Set a Status Conference [Dkt. 37], which seeks a procedural pause so the Court can establish fair Rule 65 procedures before any PI deadlines run; and (2) a Joint Motion to Hold Plaintiffs' PI Motion in Abeyance [Dkt. 39], which asserts that Plaintiffs cannot seek injunctive relief on patents—including the '403 Patent—not yet asserted in the operative complaints.

## II. LEGAL STANDARD

After the period for amendment as of right has passed, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). While

leave should be "freely give[n] … when justice so requires," *id.*, a court should deny leave for "undue delay, bad faith or dilatory motive on the part of the movant, … undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Also see *Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 994 (5th Cir. 2005). The Fifth Circuit likewise recognizes that leave may be denied where there is a "substantial reason" to do so. *Dussouy v. Gulf Coast Inv. Corp*., 660 F.2d 594, 598 (5th Cir. 1981). "But 'leave to amend is by no means automatic.'" *Jones*, 427 F.3d at 994 (citing *Halbert v. City of Sherman*, 33 F.3d 526, 529 (5th Cir. 1994)). Undue prejudice exists where amendment would require the opponent to expend significant additional resources, alter litigation strategy, or expand the case in a way that disrupts orderly preparation. *See Mayeaux v. La. Health Serv. & Indem. Co.,* 376 F.3d 420, 427–28 (5th Cir. 2004) (affirming denial of leave where amendment "would fundamentally alter the nature of the case"). "Decisions concerning motions to amend are 'entrusted to the sound discretion of the district court.'" *Jones*, 427 F.3d at 994.

Before entry of a scheduling-order deadline for amendment, Rule 15 governs. *See S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 535–36 (5th Cir. 2003). As part of that analysis, the Court may consider the totality of the circumstances, including whether the amendment would impose undue prejudice, disrupt orderly case management, multiply proceedings, or serve a tactical purpose inconsistent with the fair administration of the case.

Rule 20(a)(1) permits joinder of plaintiffs only where (i) they assert a right to relief arising out of the same transaction or occurrence, or series thereof, and (ii) a question of law or fact common to all plaintiffs will arise.

Section 1407 (a) authorizes MDL consolidation only where civil actions involve "one or more common questions of fact" and only "for the convenience of parties and witnesses and will promote the just and efficient conduct of such actions." 28 U.S.C. § 1407(a).

## III. ARGUMENT

Plaintiffs' motion depends on treating the amendment as a routine early-stage pleading update. But Plaintiffs' own conduct proves otherwise. They moved to add the '403 Patent, then filed a consolidated PI motion asserting that same patent *before* leave was granted. Plaintiffs thus ask the Court to evaluate prejudice as if ordinary discovery will proceed in due course, while simultaneously seeking emergency injunctive relief and expedited discovery on a patent that was not in the operative complaint when the PI motion was filed. Rule 15 does not require the Court to reward a *fait-accompli* approach to pleading or to expand a reseller case in a way that prejudices Defendants, duplicates manufacturer litigation, and disrupts orderly case management.

Nor is Plaintiffs' desire to add a new party and assert new claims – claims for trademark infringement –a "routine" amendment. Plaintiffs could have alleged the trademark claims at the outset but apparently recognizing that asserting such claims early on would create differences between many of its vast number of pending lawsuits that it sought to consolidate via the MDL process, Plaintiffs chose not to assert those claims. Plaintiffs now should bear the consequences of their delay and motives.

### A. Plaintiffs' Amendment Would Cause Undue Prejudice Because It Is the Predicate for Emergency PI Proceedings And Is Not a Routine Pleading Update.

Plaintiffs' prejudice analysis recites a familiar refrain: "Discovery has not yet begun," "the Court has not yet entered a scheduling order," and "[a]ny incremental discovery burden is minimal and manageable." [Dkt. 27, pp 5-6]. Each of these statements is incomplete. Plaintiffs ask the Court

to assess prejudice as though the amendments were isolated from the rest of their litigation strategy. It is not. Plaintiffs filed the Motion for Leave as part of a coordinated package that included a consolidated PI motion, expedited discovery, oversized briefing, and sealing. The Court should evaluate prejudice based on what Plaintiffs are actually using the amendment to do: force downstream resellers into emergency litigation on a brand-new patent before the Court has resolved threshold pleading, stay, scheduling, and PI-procedure issues, and evaluate and defend trademark assertions on an abbreviated timeline.

The proposed Second Amended Complaint confirms the point: it does not merely add a damages claim; it adds a new count for infringement of the ’403 Patent and requests preliminary injunctive relief on the Asserted Patents, including the newly added ’403 Patent. [Dkt. 28 ¶¶ 98–102, Prayer ¶ g.] The amendment therefore would immediately expand not only the pleadings, but also the scope of Plaintiffs’ pending emergency-relief request.

Plaintiffs’ discovery arguments are misleading in light of their own expedited-discovery demands. Plaintiffs assert that “[d]iscovery has not yet begun” and that “[a]ny incremental discovery burden is minimal and manageable.” [Dkt. 27, pp 5-6]. But three days after filing the Motion for Leave, Plaintiffs moved for expedited (unilateral) discovery requiring written discovery responses within 20 days and depositions within 21 days thereafter—on a patent that issued days earlier. In an ordinary case where merits discovery is already underway, adding a continuation patent might require only limited additional work. But here, where discovery has not started, each additional patent multiplies the scope of the work required under Plaintiffs’ own proposed expedited timeline. Defendants must formulate non-infringement, invalidity, and unenforceability positions on a brand-new patent; develop claim-construction positions; identify

prior art; and prepare invalidity contentions—all on four patents (up from two in the original complaint) and all while Plaintiffs demand expedited depositions and responses within weeks.

The absence of a scheduling order is not evidence that the amendment is costless. Plaintiffs note that "the Court has not yet entered a scheduling order," as though that demonstrates a lack of disruption. In reality, the absence of a scheduling order makes Plaintiffs' amendment more prejudicial in the context of their PI strategy, not less. Plaintiffs seek to add a newly issued patent before the Court has entered a docket-control order, patent-disclosure deadlines, a protective order, a PI schedule, or a discovery protocol. Plaintiffs had multiple opportunities to address these issues in an orderly way. They did not.

The amendment is the predicate for the PI motion. Plaintiffs did not wait for the Court to decide whether the '403 Patent belongs in this case. Three days after filing the Motion for Leave, Plaintiffs filed a consolidated PI motion asserting the '403 Patent anyway. That sequence supplies a new and significant reason to deny or defer amendment. Plaintiffs treated the amendment as a *fait accompli* and attempted to create emergency obligations before the Court resolved the threshold Rule 15 question. Rule 65 does not authorize emergency relief untethered to claims properly at issue in the operative pleading. *See De Beers Consol. Mines, Ltd. v. United States*, 325 U.S. 212, 220 (1945); *Flores v. Sanders*, No. 6:26-cv-00145-JDL, 2022 U.S. Dist. LEXIS 235493, *4-5 (E.D. Tex. May 12, 2022). Plaintiffs' choice to file the PI motion first and seek to cure the pleading problem later is not a reason to accelerate amendment; it is a reason to deny leave without prejudice or defer ruling until the Court establishes an orderly procedure.

### B. Plaintiffs' Filing Conduct Shows Tactical Motive and Confirms that Leave Should Be Denied or Deferred.

The Court need not find subjective bad faith to deny or defer leave. The relevant point is that Plaintiffs' filing conduct confirms that the amendment is being used tactically to create

immediate emergency pressure on downstream resellers. That is a proper consideration under Rule 15's prejudice, bad-faith/dilatory-motive, and case-management analysis.

Plaintiffs have now filed over 50 enforcement actions against resellers and distributors of various forced-reset trigger products. Plaintiffs' strategy is transparent: pressure small resellers into settlement through the sheer volume and pace of litigation while avoiding a binding merits determination against the manufacturer that designed and built the accused product. The Motion—and the PI motion it enables—is another instrument of that strategy.

### C. At a Minimum, the Court Should Defer Ruling or Condition any Leave.

If the Court is not inclined to deny leave outright, it should defer ruling until it resolves the pending PI-procedure motions. Those motions bear directly on whether the '403 Patent should be litigated in this reseller action now and whether any PI proceedings should occur before an orderly schedule is entered.

Alternatively, any leave should be conditioned on procedures that prevent unfair prejudice. Specifically, Defendants respectfully request that any order granting leave provide that: (1) no response to any PI request based on the '403 Patent is due until the Court enters a PI-specific scheduling order; and (2) no '403-specific expedited discovery shall proceed until the Court resolves the pending PI-procedure and stay motions.

### D. Plaintiffs Have Not Established That RBTM Is A Proper Party.

Current records on the USPTO website do not indicate that RBTM is the owner of the asserted trademarks. See Exhibit C, which indicates for each of the asserted trademarks that ABC IP is the owner of the trademarks. Until and unless Plaintiff's can establish RBTM's standing and ownership of the rights to the asserted trademarks the proposed amendment is futile. MaRs respectfully contends that this Court can deny Plaintiffs' Motion without further consideration.

### E. MaRs Will Be Unduly Prejudiced By The Amendment.

Undue prejudice to MaRs is a significant factor. Trademark litigation entails substantially different discovery from patent infringement litigation. To defend the proposed trademark claims, Plaintiffs and MaRs will likely engage in discovery that includes consumer surveys, experts that are different from experts in patent litigation, evidence of marketplace use, secondary meaning, and channels of trade— none of which is related to the patent-focused MDL discovery contemplated to date.

The Fifth Circuit has denied leave to amend where the proposed amendment imposes disproportionate burdens on a defendant. *Mayeaux v. La. Health Serv. & Indem. Co.*, 376 F.3d 420, 427 (5th Cir. 2004) (recognizing prejudice where amendment fundamentally alters the nature of the case). Here, the burden on MaRs is undue as explained above. Additionally, Plaintiffs' litigation tactics in failing to assert these claims in order to benefit their MDL strategy in addition to the prejudice to MaRs supports denial of Plaintiffs' Motion for Leave.

### F. The Proposed Amendment Undermines the MDL's Foundation and Fragments the Proceedings.

The Section 1407 transfer was predicated on common questions of fact regarding patent infringement of the asserted patents and the accused products. 28 U.S.C. § 1407(a). The proposed trademark claims shares none of those common questions. Allowing trademark claims against MaRs within this MDL would require the Court to practically administer two fundamentally different litigations within a single consolidated proceeding, contrary to § 1407's efficiency mandate. MDL courts possess broad case-management authority to deny amendments that would derail the MDL's coherence and burden the proceeding with claims untethered to the consolidated case's common factual core.

**G. Plaintiff's Amendment to Include RBTM LLC fails to Comply with Rule 20.**

Rule 20(a)(1)(A) requires that Plaintiff's claims arise with respect to or arising out of the same transaction, occurrence or series of transactions or occurrences. This requirement is not met in this case. MaRs did not manufacture the products accused of patent infringement. Patent infringement requires claim construction, comparison of the accused product to the asserted claims and proof of infringement. Trademark infringement requires proof of ownership of the mark, use of the mark in commerce and likelihood of consumer confusion that is often established through surveys, marketplace evidence, and brand-recognition evidence. The trademark assertions do not arise out of the same transaction, occurrence, or series of transactions or occurrences.

**H. Denial of Plaintiffs' Motion Will Not Prejudice Plaintiffs.**

Plaintiffs contend that they could file a separate lawsuit asserting the '403 Patent and the trademarks. [Dkt. 27, p. 2]. Denial without prejudice would therefore not deprive Plaintiffs of a forum. It would simply require Plaintiffs to proceed through ordinary pleading and scheduling mechanisms rather than using an amendment.

**IV. CONCLUSION**

Plaintiffs' Motion for Leave is not the routine request to add a newly issued continuation patent. It is the procedural predicate for a consolidated emergency PI campaign against downstream resellers on a patent that issued days before Plaintiffs sought preliminary relief and that was not yet part of any operative complaint when Plaintiffs filed their PI motion. Rule 15 does not require the Court to permit amendment were doing so would create undue prejudice, reward a *fait-accompli* approach to pleading, duplicate manufacturer litigation, and undermine pending customer-suit and PI-procedure motions. Nor have Plaintiffs established that their trademark claims can be properly brought in this action, which also unduly prejudices MaRs.

Accordingly, Defendants respectfully request that the Court deny the Motion without prejudice. At a minimum, any leave should be conditioned to prevent Plaintiffs from using the amendment to impose immediate '403-specific PI or expedited-discovery obligations before an orderly schedule is entered and require Plaintiffs to establish standing for RBTM LLC to assert trademark rights.

Respectfully submitted,

Dated: June 10, 2026

By: */s/ John T. Polasek*

John T. Polasek
Texas Bar. No. 16088590
ted@polaseklaw.com
THE POLASEK LAW FIRM, PLLC
2401 Fountain View Dr., Suite 316
Houston, Texas 77057
Telephone: (832) 485-3580

*Attorney for Defendants MaRs Trigger LLC & Peter Brennen*

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of this document was served on all counsel of record via the Court's ECF system on June 10, 2026.

/s/ *John T. Polasek*
John T. Polasek